UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PSP TROOP K MEDIA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:24-cv-01125 (UNA) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Chester, Pennsylvania, sues the Pennsylvania State Police's "Troop K" station, located in Media, Pennsylvania, and two Pennsylvania State Troopers. *See* Compl. at 1. He very broadly alleges that defendants have "violated [his] constitutional rights and have stolen [his] cell phone, and have threaten[ed] [him], with bodily harm." *See id*. No supporting facts, context, or details are provided to state, or even so much as infer, a cognizable legal claim. Indeed, the relief sought is entirely unspecified.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the court nor the defendants can reasonably be expected to identify plaintiff's intended claims.

Moreover, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, all of the parties appear to be located in Pennsylvania and, as pleaded, there is no allegation that any relevant events or omissions giving rise to this case occurred in this District.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge